Frank, J.
(dissenting). I am unable to concur with the majority in this case. The plaintiff sustained a fracture of his leg when he came in contact, at night, with an open metal door used to enter a cellar from the street. The plaintiff and the only other witness to the accident testified that the plaintiff was walking at the time he sustained his injury. Evidence to contradict this proof was given by a police officer and a doctor who testified, in effect, that the plaintiff told them he ran into the obstruction. I question whether this proof justifies the conclusion that the plaintiff was guilty of contributory negligence. It was not evidence in chief, but rather was an attack upon the credibility of the plaintiff. That question was resolved by the trial court and should not be disturbed. It was also contended that the fracture sustained by the plaintiff was so extensive as to indicate violent contact. To conclude that the injury could only result from violent contact and therefore demonstrates that the plaintiff was running rather than walking is to indulge in a speculative conclusion unsupported by medical opinion.
In sum, I am persuaded that the determination of the trial court is sustained by the proof and the judgment should be affirmed.
Valente, McNally, Stevens and Bastow, JJ., concur in decision; Frank, J. P., dissents in opinion.
Judgment reversed on the law and facts and complaint dismissed, without costs. Settle order.